**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR11-8198-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Orlando Bahe, | |
| Defendant. | |

On January 27, 2012, the Court held a hearing on Defendant's motion for hearing. Doc. 51. On the basis of the hearing and materials submitted by the parties, the Court concludes that Defendant violated a term of his supervised release. The Court will revoke Defendant's pretrial release.

**I.    Motion to Dismiss.**

Defendant previously filed a motion to dismiss the petition to revoke his pretrial release. Doc. 36. Magistrate Judge Voss denied the motion. Doc. 49. For reasons stated in detail on the record, the Court concludes that denial of the motion was appropriate.

**II.   Violation of Supervised Release.**

At the hearing, the government submitted a chain of custody document from Behavioral Systems Southwest ("BSSW") showing that Defendant's urine sample on November 17, 2011, produced a preliminary indication of marijuana. Ex. 1. The government also submitted a report showing that a subsequent laboratory analysis of Defendant's urine sample confirmed the positive result for marijuana. Ex. 4. Chain of custody documents (Ex. 3) and the testimony of Robert Dail in the proceeding before

Judge Voss (Ex. 11) demonstrated that Defendant's urine sample was handled according to proper chain of custody procedures. The Court finds these documents sufficient to show that Defendant's urine sample on November 17, 2011 included a marijuana metabolite. The Court may rely on reliable hearsay in proceedings to revoke pretrial release. *See* Fed. R. Ev. 1101(d)(3); *United States v. Acevedo-Ramos*, 755 F.2d 203, 206-07 (1st Cir. 1985).

Defendant's conditions of pretrial release required that he not use illegal drugs. The positive urinalysis on November 17, 2011, shows that Defendant violated this condition of release.

**III. Revocation.**

The charges against Defendant are very serious. Although Defendant originally was placed on supervised release with conditions, he used marijuana within a few weeks of his release, thereby showing an unwillingness to comply with the Court's pretrial release conditions. The Court concludes that Defendant poses a flight risk and danger to the community when using drugs, and that his poor performance on pretrial release leaves no basis for confidence that Defendant will remain drug-free if released again.

**IT IS ORDERED:**

1. Defendant's motion for hearing (Doc. 51) is **granted**.

2. Defendant's pretrial release is revoked. Defendant shall remain in custody pending the outcome of this case.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to commence on 1/5/2012 to 1/30/2012.

Dated this 30th day of January, 2012.

David G. Campbell
United States District Judge